IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD D. MOISE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-21-151 |
| JAMES B. McALLISTER, *Wicomico County Circuit Court Clerk,* | * | |
| JANE DOE, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Self-represented Plaintiff Richard C. Moise brought this civil action pursuant to 42 U.S.C. § 1983 against James B. McAllister, Clerk of the Circuit Court for Wicomico County. ECF No. 1. He later Amended his Complaint to add "Jane Doe" as a Defendant. ECF No. 15. In his Complaint, as Amended, Moise asserts violations of his constitutional rights arising from McAllister and Doe's "refusal to process the expungement" request he filed. ECF No. 1 at 4. As relief, he seeks monetary damages and the expungement of his Wicomico County cases. *Id*. at 7.

On June 10, 2022, Defendants James B. McCallister and Jane Doe filed a Motion to Dismiss. ECF No. 22. Moise responded (ECF No. 29), Defendants replied (ECF No. 31) and Moise filed an unauthorized surreply (ECF No. 33).¹ On July 18, 2022, Moise filed a Motion to Amend Complaint (ECF No. 25), which Defendants oppose (ECF No. 30). Moise filed a reply to

---

¹Unless otherwise ordered, a surreply is not permitted. *See* Local Rule 105.2(a) (D. Md. 2021). A surreply is permitted when the moving party would be unable to contest any matters raised by the opposing party in their reply for the first time. *See Lewis v. Rumsfeld*, 154 F. Supp.2d 56, 61 (D. D.C. 2001). Defendant in the instant case has not raised new matters for the first time in its Reply; therefore, Moise's surreply (ECF No. 33) will not be considered.

Defendants' opposition.  ECF No. 32.  For the reasons explained below, the Court will GRANT Moise's Motion to Amend, which includes a voluntary dismissal of Defendant McAllister; GRANT Defendant Doe's Motion to Dismiss; and DISMISS the Complaint as to the unserved Defendants Shannon Hendershot, Clerk Circuit Court for Wicomico County; P. Burton, the custodian of records for the Salisbury Police Department; Rene L. Andrews, Clerk of the Wicomico County District Court; and Michelle Bowers of the Maryland State Police.[2]

## Background

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff."  *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)).  The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice.  *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

### A.  Moises's Allegations

Moise, a state inmate currently serving a 95-year term of incarceration for armed bank robbery and other offenses, (ECF No. 29-1 at 1), filed this civil rights complaint on January 19, 2021.  ECF No. 1.  Moise alleges that on December 13, 2016, he was charged in the District Court of Maryland for Wicomico County (Case No. 0-023-CR-16-000005) with the December 9, 2016, armed robbery of the Bank of Delmarva.  ECF No. 1 at 3.  The case was later transferred to the Circuit Court for Wicomico County and assigned Case No. C-22-CR-17-000029.  *Id.*  On February

---

[2] Moise's Motion for Extension of Time to respond to Defendants' dispositive motion (ECF No. 27) is granted nunc pro tunc.

16, 2017, the charges were entered nolle prosequi. *Id*.

On January 24, 2017, Moise was charged in the Circuit Court for Wicomico County, Maryland (Case No. C-22CR-17-000042) with the armed robbery of the Bank of Delmarva. ECF No. 1 at 3. Those charges were entered nolle prosequi on July 17, 2017. *Id*.

Moise filed a Motion for Expungement of Case No. C-22-CR-17-000029, on September 5, 2019. ECF No. 1 at 3. The Motion was denied on December 5, 2019. From February 2020 to the date of filing of this Complaint, Moise states that he filed "several subsequent petition[s] for expungement in Case No. C-22-CR-17-000029. However, the defendant; James B. McAllister has refused to process the expungement." ECF No. 1 at 4.

As to Case No. C-22-CR-17-000042, Moise filed a Motion for Expungement on November 20, 2019. ECF No. 1 at 4. The Motion was denied on January 24, 2020. *Id*. He claims that from February 2020 until the date of filing of this Compliant, he "mailed several subsequent petition[s] for expungement. However, Defendant James B. McAllister has refused to process them." *Id*.

Moise maintains that the failure to process his expungement request has prevented him from suing for damages "for the violation of [his] rights by the State of Maryland in those prosecutions without first seeking expungement." ECF No. 1 at 5. He claims that McAllister's actions are deliberate because he knows that Moise has a post-conviction petition pending in the Circuit Court for Wicomico County and the expungement of the above cases "would create a leverage for" him in the pending post-conviction matter. *Id*. Moise further maintains that McAllister's actions are deliberate because he is a "supporter of one of the Judges in that county". *Id*. at 5-6.

As to Jane Doe, Moise alleges that on June 3, 2021, the Circuit Court for Wicomico County granted his request to expunge the record of Case No. C-22-CR-17-000042. ECF No. 15 at 1.

3

When Jane Doe received the instructions to expunge the record, she contacted the State's Attorney's Office and sought guidance "as the record ordered to be expunged arised [sic] from the same facts that resulted in the plaintiff['s] conviction in case C-22-CR-17-000477." ECF No. 15 at 2. Thereafter, the State's Attorney's Office provided Moise an expungement certificate of compliance for Case C-22-CR-17-000042 but not for C-22-CR-17-000477. *Id*. at 2. Moise contends that Jane Doe has failed to provide him with the expungement certificate of compliance for Case No. C-22-CR-17-000042 or Case No. C-22-CR-17-000477. *Id*. at 3.

Moise claims that McAllister and Doe's actions have deprived him of his right to equal protection under the Fourteenth Amendment. ECF No. 1 at 6; ECF No. 15-1 at 3.

### B. Court Dockets

The dockets for the two cases Moise seeks to have expunged demonstrate that he filed and had docketed petitions for expungements in each of the two cases. *See* ECF No. 22-2 (Docket Report of Case No. C-22-CR-17-000029) and ECF No. 22-3 (Docket Report of Case No. C-22-CR-17-000042).

The first petition in Case No. C-22-CR-17-0029 was denied on December 5, 2019. ECF No. 22-2 at 7. The second petition, filed on April 13, 2021 (*id*. at 8), in Case No. C-22-CR-17-000029, was denied on June 15, 2021. *Id*. at 9.

The first Petition for Expungement, filed on November 20, 2019 (ECF No. 22-3 at 17), in Case No. C-22-17-000042 was denied on January 24, 2020. *Id*. at 18. Petitioner's second request for expungement, filed on April 13, 2021 (*id*. at 19), was granted on June 3, 2021 (*id*.), but then rescinded by the court on October 19, 2021, when the court granted the State's Motion for Appropriate Relief. *Id*. at 20; *see also* ECF No. 22-4 (October 19, 2021 Order rescinding order expunging Case No. C-22-CR-17-000042).

The denial of Moise's Petitions for Expungement in each case are currently on appeal before the Maryland Court of Special Appeals.  *See* Maryland Judiciary Case Search: https://casesearch.courts.state.md.us/casesearch/ (last visited Sept. 20, 2022) (Case Nos. CSA-REG-0700-2021 and CAS-REG-1435-2021).

   C.   **Amended Complaint**

On July 18, 2022, Moise filed a third Motion to Amend Complaint (ECF No. 25) which is opposed by Defendants.  ECF No. 30.  In the proposed amended Complaint, Moise seeks to dismiss his claims against James B. McAllister (ECF No. 25, ¶ 1) and add as additional Defendants Shannon Hendershot, Clerk Circuit Court for Wicomico County; P. Burton, the custodian of records for the Salisbury Police Department; Rene L. Andrews, Clerk of the Wicomico County District Court; and Michelle Bowers of the Maryland State Police. He claims each of the Defendants failed to timely comply with the Wicomico County Circuit Court's June 3, 2021 Expungement Order and/or provide him with a copy of a certificate of compliance of expungement of records.  ECF No. 25-1 at 3-4.  Further, as to Defendant Hendershot, he claims that she failed to expunge "future records" (records concerning two other Wicomico County Circuit Court criminal cases).  In his view, each of the named Defendants violated his right to equal protection. *Id*. at 5-6.

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15 dictates that "[t]he court should freely give leave when

justice so requires." *Id*. The Motion to Amend is granted. Moise's Complaint against McAllister is dismissed. The Clerk is directed to add as additional Defendants Shannon Hendershot, Clerk Circuit Court for Wicomico County; P. Burton, the custodian of records for the Salisbury Police Department; Rene L. Andrews, Clerk of the Wicomico County District Court; and Michelle Bowers of the Maryland State Police. For the reasons that follow, however, the Complaint against Defendants Shannon Hendershot, P. Burton, Rene L. Andrews, and Michelle Bowers must be dismissed.

## Dispositive Motion

### A. Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see*

*Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 2019 WL 1105179, at *3 (4th Cir. Mar. 11, 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, ___, 135 S. Ct. 346, 346 (2014) (per curiam). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

Additionally, because Moise has been granted leave to proceed in forma pauperis the Amended Complaint must be reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria. Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of the Amended Complaint. The Court must dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the reasons discussed below, Moise's Amended Complaint is dismissed with prejudice as to the unserved Defendants Shannon Hendershot, P. Burton, Rene L. Andrews, and Michelle Bowers as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Because he is proceeding pro se, Moise's submissions are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, this Court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding

7

to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted.)

B. Discussion

Defendants McAllister and Doe seek dismissal under Federal Rules of Civil Procedure 12(b)(6). They argue that (1) Defendant McAllister is absolutely immune from suit (ECF No. 22-1 at 4);[3] (2) Defendants possess statutory personnel immunity for any claims asserted against them in their individual capacity (*id*. at 6); (3) Defendants are entitled to qualified immunity (*id*. at 9); and (4) Moise has failed to state a claim upon which relief may be granted. (*id*. at 10).

Moise has failed to state an Equal Protection Claim. Moise alleges, without support, that Defendants violated his right to equal protection by failing to timely issue a certificate of expungement. Moise fails to state a claim that his rights under the Equal Protection Clause of the Fourteenth Amendment have been violated by Defendants. The Equal Protection Clause generally requires the government to treat similarly situated people alike. *Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). To state a claim under the Equal Protection Clause, "a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

Differential treatment may be alleged by identifying specific individuals in a defendant's position and alleging that these other individuals were treated differently. *See, e.g., King v. Rubenstein*, 825 F.3d 206, 221 (4th Cir. 2016) (holding that an inmate's Equal Protection Clause claim survived dismissal when it alleged two other inmates with medical conditions similar to the plaintiff's were not forced to undergo surgery, while the plaintiff was). Discriminatory intent may

---

[3] As previously noted Moise voluntarily withdrew his claims against McAllister in his Motion to Amend Complaint (ECF No. 25).

8

be shown by circumstantial evidence, such as statements revealing a defendant's attitude toward someone of a particular race, *Mullen v. Princess Anne Volunteer Fire Co., Inc.*, 853 F.2d 1130, 1133 (4th Cir. 1988), or evidence of prior discriminatory practices, *Wyatt v. Sec. Inn Food & Beverage, Inc.*, 819 F.2d 69, 71 (4th Cir. 1987). Other than claiming his right to Equal Protection has been violated, Moise offers no factual support or evidence in support of his claim. He does not explain how he was treated differently or describe on what improper basis he was treated differently from others similarly situated. As such, his claim fails.

Further, Moise's Amended Complaint may not proceed because his claims are frivolous. His claims that Defendants failed to issue certificates of expungement are based on his apparently mistaken belief that his Petitions for Expungement were granted. The dockets clearly reflect that in Case No. C-22-CR-17-000029 the request for expungement was denied, while in Case No. C-22-CR-17-000042 the request was initially granted, but that decision was later rescinded. As no expungement has been granted by the Circuit Court for Wicomico County, Moise is not entitled to the issuance of a certificate of expungement. Moise's allegations that he is entitled to a certificate of expungement are not supported by any facts.

The Amended Complaint fails to provide any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on Moise's behalf. For this reason, Moise will not be provided with an opportunity to further amend the Complaint. When considering whether a claim is frivolous, § 1915(e)(2) grants Courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A Complaint is frivolous where, as here, "it lacks an arguable basis either in law or in fact." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke*, 490 U.S. at 327).

**Conclusion**

Accordingly, Moise's pending Motion to Amend IS GRANTED. Moise's Complaint against McAllister, Hendershot, Burton, Andrews, and Bowers IS DISMISSED. Defendant Doe's Motion to Dismiss IS GRANTED.[4] The Complaint IS DISMISSED.

A separate Order follows.

| | |
|---|---|
| 9/22/22 | /s/ |
| Date | RICHARD D. BENNETT |
| | UNITED STATES DISTRICT JUDGE |

---

[4] In light of the Court's ruling, an analysis of the Defendants' remaining arguments, including their defense of qualified immunity, is not necessary.